**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Ginette Clerveaux Samson,              ) | |
|                                         ) | |
|                         Petitioner,     ) | Civil Action No.: 4:05-02082-CWH |
|                                         ) | |
| vs.                                     ) | |
|                                         ) | |
| United States of America,               ) | **ORDER** |
|                                         ) | |
|                         Respondent.     ) | |
| _____  ) | |

On July 21, 2005, the petitioner commenced this pro se action to vacate, set aside, or correct her guilty plea and sentence. On August 3, 2005, the government moved for summary judgment. On August 4, 2005, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure. On August 26, 2005, the petitioner filed her opposition to the government's motion for summary judgment. This matter is now before the Court for disposition.

**I. BACKGROUND AND PROCEDURAL HISTORY**

The investigation in the petitioner's case focused on a drug trafficking conspiracy that began in 1986 and continued until the 2003 indictment. On April 23, 2003, a federal grand jury charged the petitioner and other defendants in a twelve count indictment. Count 1 charged the petitioner with conspiracy to possess with intent to distribute and distribution of in excess of 50 grams of cocaine base, "crack cocaine," in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(A) and 846. The petitioner pled guilty to Count 1 and faced a mandatory minimum of 10 years in prison to a maximum term of life in prison. 21 U.S.C. § 841(b)(1)(A)(iii). On June 21, 2004, the Court

sentenced the petitioner to 144 months in prison followed by 5 years supervised release and a $100.00 special assessment. On June 30, 2004, the court entered judgment. On July 21, 2005, the petitioner commenced this action.

On April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2255 was amended to provide for a statute of limitations period:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's conviction became final on June 30, 2004. The Petitioner, therefore, could have applied for relief under § 2255 until June 30, 2005. Brown v. Angelone, 150 F.3d 370, 375-76 (4th Cir. 1998). She failed to do so, and her petition is untimely.

In her §2255 motion, the petitioner raises the following grounds of error: (1) ineffective assistance of counsel and (2) improper sentencing.

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner alleges that her trial counsel was ineffective because he failed to file an

appeal despite the petitioner's request that he do so.

In claims of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v.Washington, 466 U.S. 668, 689 (1984).  The Strickland Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell below an objective standard of reasonableness.  Id. at 687-88.  Strickland also emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential."  Id. at 689.

In addition to establishing that counsel was deficient, the petitioner also must show prejudice.  The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  With this legal background in mind, the Court turns to the petitioner's claim of ineffective assistance of counsel.

The petitioner claims that she requested her trial counsel to file an appeal, but he failed to

do so.  In his affidavit, defense counsel states that the petitioner never asked her to file an appeal.  The Supreme Court has decided that a Court should use the framework provided by Strickland v. Washington when evaluating a claim of whether counsel was constitutionally ineffective for failing to file a notice of appeal.  Roe v. Flores-Ortega, 528 U.S. 470 (2000).  "To establish a Sixth Amendment violation based upon counsel's failure to appeal, [a petitioner] must prove that (1) counsel was ineffective and (2) a reasonable probability that, but for counsel's ineffectiveness, an appeal would have been filed."  United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470, 477-83 (2000)).

While deficiency is typically a fact-specific inquiry, the Supreme Court has also found that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (citing Rodriquez v. United States, 395 U.S. 327 (1969)).  Moreover, a defendant who instructs counsel to file an appeal has "objectively indicated his intent to appeal" and is entitled to an appeal without showing it would have had merit.  Flores-Ortega, 528 U.S. at 485 (citing Rodriquez, 395 U.S at 330).

In other words, if the petitioner can show that she instructed counsel to file an appeal and that counsel failed to do so, deficiency is shown, prejudice is presumed, and the petitioner need not introduce any additional evidence to demonstrate that but for counsel's errors she would have chosen to appeal.

Here, the petitioner cannot make this showing.  Although the petitioner alleges in her petition that counsel refused to file an appeal, this scant allegation is legally insufficient to create a triable issue of fact when viewed in conjunction with other facts in the record.

The petitioner pled guilty and stipulated the base offense level. The sentencing guideline range was initially 262 to 327 months. However, because of her cooperation with the government, the Court granted the petitioner a downward departure, which reduced the petitioner's sentence to 144 months.

> Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the [petitioner] seeks an end to judicial proceedings. Even in cases where the [petitioner] pleads guilty, the court must consider such factors as whether the [petitioner] received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.

Cf. Flores-Oretega, 528 U.S. at 480.

In his affidavit, trial counsel states that he advised the petitioner and her family of her right to appeal after the sentencing. Counsel told petitioner that an appeal could be filed; he informed her, however, that there was no basis for an appeal in light of the downward departure. Trial counsel states that the petitioner never asked him to file an appeal. The petitioner's claim is without merit. The Court therefore finds that the petitioner's allegation alone is insufficient to overcome trial counsel's affidavit which states that petitioner did not request counsel to file an appeal.

## III. SENTENCING

The petitioner claims that she was improperly sentenced because instead of the jury finding the amount of crack cocaine beyond a reasonable doubt, the trial court found the amount of crack cocaine by a preponderance of the evidence. The petitioner also claims that the base offense level was improperly enhanced for her position as an organizer or leader.

On July 10, 2003, the petitioner agreed to plead guilty to Count 1 of the indictment,

charging conspiracy to possess with intent to distribute 50 grams or more of cocaine base. She faced a sentence of a mandatory minimum of 10 years to life imprisonment for this offense. 21 U.S.C. § 841(b)(1)(A)(iii). In her plea agreement, the petitioner stipulated that she should be held responsible for a base offense level of 38 based on the amount of cocaine that she had been responsible for. Because the petitioner was a major cocaine supplier in the Miami area, she received a four point enhancement for her position as a leader or organizer, resulting in a total offense level of 39. She had a criminal history category of I. The guidelines stipulated a sentence of 262-327 months. However, because of her substantial assistance, the government made a motion for a downward departure, and the court sentenced the petitioner to 144 months in prison.

The petitioner appears to argue that the amount of cocaine that she was charged with violated Apprendi. Apprendi v. New Jersey, 530 U.S. 466 (2000). This argument is without merit. First, the petitioner agreed to an offense level, which was based on the cocaine amount. Second, the petitioner's sentence was not enhanced beyond the statutory minimum. At the time of the petitioner's sentencing, Apprendi had been decided. The Supreme Court held in Apprendi that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490 (emphasis added). In contrast, "a fact increasing the mandatory minimum (but not extending the sentence beyond the statutory maximum)" does not implicate Apprendi concerns. Harris v. United States, 536 U.S. 545, 557 (2002)(plurality opinion)(distinguishing Apprendi and upholding rule in McMillan v. Pennsylvania, 477 U.S. 79 (1986)) (majority opinion)(holding that, following McMillan, a judge may make determination beyond facts alleged in indictment or

submitted to jury, which raises minimum sentence).  The Fourth Circuit emphasized this distinction in United States v. Promise

> We do not hold that all facts that could serve to increase a defendant's sentence must be found by the jury beyond a reasonable doubt. Instead, we merely hold that the maximum penalty that may be imposed upon a defendant is the maximum penalty allowed by statute upon proof of only those facts alleged in the indictment and found by the jury beyond a reasonable doubt.  Once this maximum penalty is established, a fact (sentencing factor) that may increase the actual sentence imposed within that maximum is not subject to the same requirements.

255 F.3d 150, 157 n.5 (4th Cir.  2001)(en banc).

Under Apprendi, petitioner cannot claim error, because 21 U.S.C. § 841(b)(1)(A)(iii) prescribes that "any person . . . [in violation of] subsection (a) . . . involving . . . 50 grams or more of [crack cocaine] shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life." See United States of America v. Sanders, 247 F.3d 139, 150 (4th Cir. 2001).  Here, the petitioner's sentence of 144 months imprisonment does not exceed the statutory maximum.  Therefore, the petitioner's Apprendi claim is without merit.

The petitioner claims that her sentence violates principles set forth in Blakely v. Washington, 542 U.S. 296 (2004).  Recently, the United States Supreme Court reaffirmed those principles.  See United States v. Booker, 543 U.S. 220 (2005).  The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review."  Id. at 25.  Subsequent to the decision in Booker, the Fourth Circuit held that Booker "is not available for post-conviction relief for federal prisoners, . . . whose convictions became final before Booker . . . was decided. United States v. Morris, No. 04-7889, 2005 WL 2950732 *6 (4th Cir. 2005).  Here, the petitioner's case has run its course and her conviction and sentence became final in 2004, "before Booker was issued, and its approach therefore does not govern [this]

collateral proceeding." Id.  This § 2255 action is an attempt to collaterally attack her final conviction and sentence.  Booker, therefore, is inapplicable to this case.

## IV. CONCLUSION

The petitioner fails to show that her trial counsel prejudiced her. The petitioner also fails to show that she was improperly sentenced. The Court therefore grants the government's motion and dismisses this action with prejudice.

        **AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

December 20, 2005
Charleston, South Carolina